# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

ROBERT E. IRWIN, )
    Plaintiff, )
     )
v. ) No. 3:10-CV-38
     ) (Phillips/Shirley)
MICHAEL J. ASTRUE, )
COMMISSIONER OF SOCIAL SECURITY, )
    Defendant. )

## MEMORANDUM OPINION

This social security appeal is before the court for consideration of the plaintiff's objections [Doc. 16] to the report and recommendation filed by United States Magistrate Judge C. Clifford Shirley [Doc. 15]. Magistrate Judge Shirley found the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence in the record as a whole and recommended that plaintiff's motion for summary judgment be denied and that defendant Commissioner's motion for summary judgment be granted.

Plaintiff made his application for disability insurance benefits alleging disability beginning October 1, 2005. The claim was denied by the administrative law judge (ALJ) on April 30, 2009. The Appeals Council reviewed the ALJ's decision and denied the claim. Plaintiff sought judicial review of the Commissioner's decision. As required by 28 U.S.C. § 36(b)(1) and Rule 72(b), Fed.R.Civ.P., this court has now undertaken a *de novo* review

of those portions of the report and recommendation to which plaintiff objects. For the reasons that follow, the objections will be overruled.

Plaintiff argues that the ALJ failed to give controlling weight to the opinion of Dr. Muluken Frew, his treating physician. Dr. Frew's records indicate that he treated plaintiff from June 16, 2008 through November 4, 2008. Plaintiff sought treatment for pain management, complaining of joint pain, stiffness and swelling. Dr. Frew prescribed Oxycodone, Oxycontin, Ambien, and a Medrol pack. On December 30, 2008, Dr. Frew completed an "Arthritis Residual Functional Capacity Questionnaire," and noted that plaintiff suffered from chronic low-back pain, inflammatory arthritis, and multiple joint pain. Dr. Frew opined that plaintiff could only walk one and one-half city blocks without pain; could not sit more than 45 minutes without getting up; could stand only one hour before needing to sit or walk; would need to take 15 minute walking breaks every 45 minutes; could only rarely lift 10 pounds and never lift 20 pounds; and had significant manipulation difficulties.

The ALJ determined that Dr. Frew's opinion was entitled to little weight because it did not cite x-rays, physical range of motion tests, MRIs, or any other objective medical evidence. The ALJ noted that Dr. Frew's assessment was inconsistent with the other medical evidence of record, including the opinions of Dr. Summers, Chaudhuri and Gulbenk. Therefore, he gave more weight to the opinions of the examining and evaluating physicians in determining that plaintiff could perform light exertional work with a sit/stand option.

Although a treating physician's opinion is generally afforded substantial weight, it may be discounted if good cause is shown. 20 C.F.R. § 404.1527(d)(2). (1998). In addition, controlling weight may not be given to a treating source's medical opinion unless the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is "not inconsistent" with the other substantial evidence of record. *See* Social Security Ruling 96-2p; *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 287 (6th Cir. 1994); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). Because Dr. Frew's findings were not based on any objective testing and were inconsistent with the findings of the other examining and consultative physicians, I find that the ALJ properly discounted them.

Finding no error in the report and recommendation, the court will overrule plaintiff's objections; deny plaintiff's motion for summary judgment; grant defendant Commissioner's motion for summary judgment; and dismiss this case.

**ENTER:**

    s/ Thomas W. Phillips
United States District Judge